# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed:

_____

Index No.:

THALIA LARDOUTSOS

                Plaintiff(s),

     -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

             Defendant(s).

_____

Plaintiff designates
QUEENS County as the
place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
20-32 Utopia Parkway
Whitestone, NY 11357

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of

this summons is complete if this summons is not personally delivered to you within the State of

New York.

    In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
     July 10, 2020

                          **By: Tonino Sacco, Esq.**
                          **SACCO & FILLAS, LLP**
                          Attorneys for Plaintiff(s)
                          31-19 Newtown Avenue
                          Seventh Floor
                          Astoria, New York 11102
                          (718) 746-3440
                          Our File # 24230-20

**DEFENDANTS:**

Lowe's Home Improvement
700 Dibblee Drive
Garden City, NY 11530

SACCO & FILLAS, LLP

Lowe's Home Centers, LLC
700 Dibblee Drive
Garden City, NY 11530


**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

IACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 4 of 82 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

**VERIFIED COMPLAINT**

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

Plaintiff, by her attorneys, **SACCO & FILLAS, LLP**, as and for her Verified

Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, Thalia Lardoutsos, at all times herein mentioned was and still is a resident of
   the County of Queens and the State of New York.

2. The defendant, Lowe's Home Improvement, at all times herein motioned, was and still is a
   domestic limited liability company organized and existing under the laws of the State of
   New York, with its principal place of business situated in the County of Nassau and the
   State of New York.

3. The defendant, Lowe's Home Improvement, at all times herein mentioned conducted and
   carried on business in the County of Nassau and the State of New York.

4. At all times herein mentioned, defendant Lowe's Home Improvement transacted business
   within the State of New York.

5. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial
   revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant Lowe's Home Improvement expected or should
   reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial

**SACCO & FILLAS, LLP**

3 of 11

revenue from interstate or international commerce.

8. At all times herein mentioned, the defendant Lowe's Home Improvement owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

9. At all times herein mentioned, the defendant Lowe's Home Improvement was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

10. At all times herein mentioned, the defendant Lowe's Home Improvement was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

11. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

12. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

13. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

14. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

15. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

16. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive,

2

SACCO & FILLAS, LLP

County of Nassau, State of New York.

17. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

18. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

19. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

20. At all times herein mentioned, it was the duty of the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

21. The defendant, Lowe's Home Centers, LLC, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Nassau and the State of New York.

22. The defendant, Lowe's Home Centers, LLC, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

23. At all times herein mentioned, defendant Lowe's Home Centers, LLC transacted business within the State of New York.

24. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

25. At all times herein mentioned, defendant Lowe's Home Centers, LLC expected or should

3

SACCO & FILLAS, LLP

reasonably have expected its acts to have consequences in the State of New York.

26. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from interstate or international commerce.

27. At all times herein mentioned, the defendant Lowe's Home Centers, LLC owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

28. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

29. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

30. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

31. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

32. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

33. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

34. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

4

IACCO & FILLAS, LLP

35. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

36. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

37. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

38. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

39. At all times herein mentioned, it was the duty of the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

40. That on or about May 30, 2020, while the plaintiff, Thalia Lardoutsos, was lawfully upon the defendant's premises located at 700 Dibblee Drive, County of Nassau, State of New York, when she was caused to fall by a dangerous, hazardous and unsafe condition of the curb in the parking lot located in front of the subject premises, causing her to sustain grievous personal injuries with attendant special damage.

41. Solely as a result of the defendants' negligence, carelessness and recklessness, Thalia Lardoutsos was caused to suffer severe and serious personal injuries to mind and body, and further, that Thalia Lardoutsos was subjected to great physical pain and mental anguish.

42. The aforesaid occurrence was caused by the negligence of the defendants, without any

5

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 9 of 82 PageID #: 13

culpable conduct on the part of Thalia Lardoutsos.

43. By reason of the foregoing, Thalia Lardoutsos was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Thalia Lardoutsos will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Thalia Lardoutsos incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Thalia Lardoutsos will be unable to pursue Thalia Lardoutsos's usual duties with the same degree of efficiency as prior to this accident, all to Thalia Lardoutsos's great damage.

44. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional sums of money for medical care in the future to attend to her injuries which she believes to be of a permanent nature.

45. As a result of the foregoing negligence of the defendants, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

46. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

47. Due to defendants' negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise

6

SACCO & FILLAS, LLP

have jurisdiction, together with interest and the costs and disbursements of this action, and such

other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
     July 10, 2020

By: Tonino Sacco, Esq.
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff(s)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

7

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

THALIA LARDOUTSOS

              Plaintiff(s),

      -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

              Defendant(s).

INDEX NO.:

**INDIVIDUAL
VERIFICATION**

STATE OF NEW YORK
COUNTY OF QUEENS

      Thalia Lardoutsos, sworn, deposes and says:

      That I am the plaintiff in the within action.

      I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

_Thalia Lardoutsos_
Thalia Lardoutsos

Sworn to before me this
16 day of July 2020

_____
Notary Public

Yamilett C. Pernett
Commissioner of Deeds, City of New York
No. 4-10170
Cert. Filed in Queens County
Commission Expires November 1, 2020

8

FILED: QUEENS COUNTY CLERK 07/17/2020 09:36 AM INDEX NO. 710351/2020

NYSCEF DOC. NO. 1    Case 1:21-cv-00741-LDH-RLM    Document 1-1    Filed 02/11/21    Page 12 of 82 PageID #: 16    RECEIVED NYSCEF: 07/17/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

---

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC

Defendant(s).

---

## SUMMONS and VERIFIED COMPLAINT

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Queens, NY
July 10, 2020

Signature: _____
By: Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff(s)
Thalia Lardoutsos
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Single Attorney Authorizing Individual Filing Agent)

I, TONINO SACCO , Esq., ( Attorney Registration No.
2375772 ) am an authorized user of the New York State Courts Electronic Filing
System ("NYSCEF") (User ID TSacco ). I hereby authorize
REGINA M. SZMUC ("the filing agent") to utilize his/her
NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter
in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of
the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously
consented to e-filing, to any mandatory matter in which I have recorded my representation, and
to any matter in which I may authorize the filing agent to record my consent or representation
in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing
agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to
each matter in which I am counsel of record, shall be deemed to accompany any document filed
in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make
either by debiting an account the filing agent maintains with the County Clerk of any authorized
e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-
filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing
on a prescribed form delivered to the E-Filing Resource Center.

Dated: 06/18/2019

_____           ASTORIA, NY 11102
Signature                               City, State and Zip Code

TONINO SACCO, ESQ.                      718-746-3440
Print Name                              Phone

SACCO & FILLAS LLP                      tsacco@saccofillas.com
Firm/Department                         E-Mail Address

31-19 NEWTOWN AVE, 7 FL
Street Address

(6/6/13)

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 14 of 82 PageID #: 18

INDEX NO. 710351/2020
RECEIVED NYSCEF: 08/04/2020

P3494341

Form 27 - AFFIDAVIT OF SERVICE

**SACCO & FILLAS, LLP**   REGINA M. SZMUC
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

THALIA LARDOUTSOS

                                  PLAINTIFF

                - vs -

LOWE'S HOME IMPROVEMENT, ETANO

                                  DEFENDANT

index No. **710351/2020**
Date Filed
Office No. **24230-20**
Court Date.

STATE OF **NEW** YORK, COUNTY OF **NASSAU**    :SS:

**CHARLES SPANO** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **23RD** day of **JULY, 2020 11:05AM** at

    **700 DIBBLEE DRIVE**
    **GARDEN CITY NY 11530**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **LOWE'S HOME IMPROVEMENT** the **DEFENDANT** therein named by delivering to, and leaving personally with **CHRIS OBANYA, MANAGER AUTHORIZED TO ACEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**   COLOR: **BLACK** HAIR: **BALD**

APP.AGE: **53** APP. HT: **5'8** APP. WT: **190**

OTHER IDENTIFYING FEATURES

**GLASSES**

Sworn to before me this
24TH day of JULY, 2020

TIFFANY THOMPSON
Notary Public, State of New York
NO. 01TH6368449
Qualified in KINGS COUNTY
Commission Expires 12/11/2021

CHARLES SPANO
PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-SFLLP-3494341

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 15 of 82 PageID #: 19

Form 27 - AFFIDAVIT OF SERVICE

P3494366

**SACCO & FILLAS, LLP**   REGINA M. SZMUC
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

THALIA LARDOUTSOS

                                              **PLAINTIFF**

                        - vs -

LOWE'S HOME IMPROVEMENT, ETANO

                                              **DEFENDANT**

index No. **710351/2020**
Date Filed
Office No. **24230-20**
Court Date.

STATE OF **NEW YORK**, COUNTY OF **NASSAU**      :SS:

**CHARLES SPANO** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **23RD** day of **JULY, 2020 11:05AM** at

**700 DIBBLEE DRIVE**
**GARDEN CITY NY 11530**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **LOWES'S HOME CENTERS, LLC** the **DEFENDANT** therein named by delivering to, and leaving personally with **CHRIS OBANYA, MANAGER AUTHORIZED TO ACCEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**    COLOR: **BLACK** HAIR: **BALD**
APP.AGE: **53** APP. HT: **5'8** APP. WT: **190**
OTHER IDENTIFYING FEATURES
**GLASSES**

Sworn to before me this
24TH day of JULY, 2020

TIFFANY THOMPSON
Notary Public, State of New York
NO. 01TH6368449
Qualified in KINGS COUNTY
Commission Expires 12/11/2021

CHARLES SPANO
PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-SFLLP-3494366

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____

## STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING
### (Managing Attorney Authorizing Filing Agent Entity)

I, _Joseph Katz_, Esq., ( Attorney Registration No. _____ ) am the managing attorney of/attorney in charge of e-filing for _____ _____ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the New York State Electronic Filing System ("NYSCEF") hereby authorize any employee of _PM LEGAL_____ who possesses a NYSCEF filing agent ID to file documents on their behalf and at their direction, as a filing agent, in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _April 23, 2018_

_____         _Astoria NY 11102_
Signature                        City, State and Zip Code

_Joseph Katz_                    _(718) 269-2217_
Print Name                       Phone

_Sacco & Fillas, LLP_            _restephen@saccofillas.com_
Firm/Department                  E-Mail Address

_379 Newtown Ave_
Street Address

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 17 of 82 PageID #: 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No. 710351/2020

------------------------------------------------------------

THALIA LARDOUTSOS,

Plaintiff,

-against-

LOWE'S HOME IMPROVEMENT and LOWE'S HOME
CENTERS, LLC,

Defendants.

------------------------------------------------------------

**NOTICE OF MOTION
FOR DEFAULT JUDGMENT**

**C O U N S E L O R S :**

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Tonino Sacco, Esq.,

dated the 6th day of November, 2020, the Affidavit of Plaintiff, THALIA LARDOUTSOS, sworn

to the 6th day of November, 2020, and upon all the pleadings and proceedings heretofore had

herein, the undersigned will move before this Court at an at the Courthouse located at 88-11

Sutphin Boulevard, Jamaica, N.Y. 11435 on the **14th day of December, 2020 at 9:30 o'clock in**

**the forenoon** of that day or as soon thereafter as counsel can be heard for an Order pursuant to

Section § 3215 of the Civil Practice Law and Rules, directing the entry of judgment upon default

in favor of Plaintiff and against the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S

HOME CENTERS, LLC, on the issue of liability and setting the matter down for an inquest as to

damages, for an award of costs, disbursements and reasonable attorney's fees to abide this Motion,

and for such other and further relief as to this Court may seem just and proper.

The above-entitled action is for personal injuries. This action is not on the trial calendar.

**TAKE FURTHER NOTICE** that, pursuant to Section § 2214(b) of the Civil Practice Law

and Rules, all answering papers, if any, shall be served at least seven (7) days before the return

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 18 of 82 PageID #: 22

date of this motion.

Dated: Astoria, New York
        November 6, 2020

Yours, etc.,

By: Tonino Sacco, Esq.
SACCO & FILLAS, LLP
*Attorneys for Plaintiff*
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

TO:       LOWE'S HOME IMPROVEMENT
          700 Dibblee Drive
          Garden City, N.Y. 11530

          LOWE'S HOME CENTERS, LLC
          700 Dibblee Drive
          Garden City, NY 11530

SACCO & FILLAS, LLP

Index No. 710351/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

THALIA LARDOUTSOS,

                         Plaintiff,

       -against-

LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC,

                         Defendants.

## NOTICE OF MOTION FOR DEFAULT JUDGMENT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:  Astoria, N.Y.
       November 6, 2020

                                Signature:

                                By: Tonino Sacco, Esq.

               SACCO & FILLAS, LLP
               *Attorneys for Plaintiff*
              31-19 Newtown Avenue
                 Seventh Floor
             Astoria, New York 11102
                (718) 746-3440
               Our File # 24230-20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

THALIA LARDOUTSOS,                          Index No. 710351/2020

                              Plaintiff,    **AFFIRMATION IN SUPPORT**

        -against-

LOWE'S HOME IMPROVEMENT and LOWE'S HOME
CENTERS, LLC,

                              Defendants.

---

     Tonino Sacco, Esq., an attorney admitted to practice in the State of New York, affirms the following under the penalties of perjury:

1. That I am of the law firm of Sacco & Fillas, LLP, the attorneys of record for the Plaintiff, and, as such, I am thoroughly conversant with the facts and circumstances herein based upon the contents of the file maintained by this office.

2. I make this Affirmation in Support of this Motion for an order directing the entry of a judgment by default against the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, as to the issue of liability, setting the matter down for an inquest as to damages at the trial of this action, awarding the costs, disbursements and reasonable attorney's fees to abide this motion, and for such other and further relief as to this Court may seem just and proper.

3. This is an action for personal injuries occurring from an incident on May 30, 2020 when the Plaintiff was caused to fall by a dangerous, hazardous and unsafe condition of the curb in the parking lot in front of the Defendants' premises located at 700 Dibblee Drive, County of Nassau, State of New York, causing her to sustain grievous personal injuries with attendant special damage.

4. A Summons and Verified complaint were served upon Defendant, LOWE'S HOME

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM  Document 1-1  Filed 02/11/21  Page 21 of 82 PageID #: 25

IMPROVEMENT, on or about July 23, 2020. To date, no answer has been interposed on behalf of Defendant, LOWE'S HOME IMPROVEMENT. True photocopy of the Summons and Verified Complaint is attached hereto as *Exhibit A*. True photocopy of the Affidavit of Service is attached hereto as *Exhibit B*.

5. A Summons and Verified complaint were served upon Defendant, LOWE'S HOME CENTERS, LLC, on or about July 23, 2020. To date, no answer has been interposed on behalf of Defendant, LOWE'S HOME CENTERS, LLC. True photocopy of the Summons and Verified Complaint is attached hereto under *Exhibit A*. True photocopy of the Affidavit of Service is attached hereto as *Exhibit C*.

6. The time for Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, to appear and interpose an answer has now expired.

7. C.P.L.R. § 3215(a) provides:

> "When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him."

8. "Due process requires proof of service on the defendant prior to entry of a default judgment." People v. Eica Const. Corp., 85 Misc.2d 1026, 381 N.Y.S.2d 377 (1975).

9. In compliance with the additional service requirements imposed by the C.P.L.R., your Affirmant's office sent letters on August 24, 2020, that included a copy of the Summons and Verified Complaint and Affidavit of Service, to the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, advising them that a Summons and Verified Complaint were served upon them. These letters were sent via first class mail in plain envelopes marked "Personal and Confidential" as required by C.P.L.R. § 3215(f). The letters did not evince any

2

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 22 of 82 PageID #: 26

marking that it was sent from an attorney's office or that it concerned an alleged lawsuit. True photocopies of good faith letters are attached hereto as *Exhibit D*. The Affidavit of Additional Mailing under C.P.L.R. § 3215(f) is attached herein as *Exhibit E*.

10. That the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, have not served an Answer or moved with respect to the Complaint herein, nor have their time to do so been extended.

11. That, therefore, Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, are now in default.

12. Attached hereto as *Exhibit F* is the Affidavit of the Plaintiff, duly sworn to the 6th day of November, 2020, respectfully, which sets forth the facts constituting the claim and the default.

13. That no previous application for the relief sought in this Motion has ever been made; and due to the foregoing, default judgment against the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, should be granted in favor of the Plaintiff.

**WHEREFORE**, it is respectfully requested that this motion be granted in its entirety, and that such other and further relief be granted as to this Court seems just and proper, including the costs of this motion.

Dated: Astoria, New York
      November 6, 2020

Tonino Sacco, Esq.

3

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 23 of 82 PageID #: 27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____

Index No. 710351/2020

THALIA LARDOUTSOS,

Plaintiff,

-against-

**AFFIDAVIT**
**OF SERVICE**

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC,

Defendants.

_____

STATE OF NEW YORK  }
                   } SS.:
COUNTY OF QUEENS    }

Scott Diamond, being duly sworn, says:

I am not a party to the action; I reside at Mineola, New York, and I am over 18 years of age.

On the 6th day of November, 2020 , I served the within **Notice of Motion for Default Judgment along with Supporting Affidavit and Affirmation, and Request for Judicial Intervention** by depositing true copies thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

Lowe's Home Improvement          Lowe's Home Centers, LLC
700 Dibblee Drive                700 Dibblee Drive
Garden City, NY 11530            Garden City, NY 11530

_____
Scott Diamond

Sworn to before me
on November 6, 2020

_____
NOTARY PUBLIC

TONINO SACCO
Notary Public, State of New York
No. 02SA4979498
Qualified in Queens County
Commission Expires April 01, 2023

4

SACCO & FILLAS, LLP

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed:

Index No.:

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

Plaintiff designates
QUEENS County as the
place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
20-32 Utopia Parkway
Whitestone, NY 11357

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
July 10, 2020

By: Tonino Sacco, Esq.
SACCO & FILLAS, LLP
Attorneys for Plaintiff(s)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

**DEFENDANTS:**

Lowe's Home Improvement
700 Dibblee Drive
Garden City, NY 11530

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 25 of 82 PageID #: 29

Lowe's Home Centers, LLC
700 Dibblee Drive
Garden City, NY 11530

**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

IACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

**VERIFIED COMPLAINT**

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

Plaintiff, by her attorneys, **SACCO & FILLAS, LLP**, as and for her Verified

Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, Thalia Lardoutsos, at all times herein mentioned was and still is a resident of
   the County of Queens and the State of New York.

2. The defendant, Lowe's Home Improvement, at all times herein motioned, was and still is a
   domestic limited liability company organized and existing under the laws of the State of
   New York, with its principal place of business situated in the County of Nassau and the
   State of New York.

3. The defendant, Lowe's Home Improvement, at all times herein mentioned conducted and
   carried on business in the County of Nassau and the State of New York.

4. At all times herein mentioned, defendant Lowe's Home Improvement transacted business
   within the State of New York.

5. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial
   revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant Lowe's Home Improvement expected or should
   reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 07/06/2020 09:36 PM INDEX NO. 710351/2020

NYSCEF DOC. NO. 1    Case 1:21-cv-00741-LDH-RLM    Document 1-1    Filed 02/11/21    Page 27 of 82 PageID #: 31    RECEIVED NYSCEF: 07/06/2020

revenue from interstate or international commerce.

8.  At all times herein mentioned, the defendant Lowe's Home Improvement owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

9.  At all times herein mentioned, the defendant Lowe's Home Improvement was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

10. At all times herein mentioned, the defendant Lowe's Home Improvement was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

11. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

12. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

13. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

14. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

15. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

16. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive,

2

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 01/05/2020 09:36 AM
INDEX NO. 710351/2020

NYSCEF DOC. NO. 1
Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 28 of 82 PageID #: 32
RECEIVED NYSCEF: 01/05/2020

County of Nassau, State of New York.

17. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

18. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

19. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

20. At all times herein mentioned, it was the duty of the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

21. The defendant, Lowe's Home Centers, LLC, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Nassau and the State of New York.

22. The defendant, Lowe's Home Centers, LLC, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

23. At all times herein mentioned, defendant Lowe's Home Centers, LLC transacted business within the State of New York.

24. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

25. At all times herein mentioned, defendant Lowe's Home Centers, LLC expected or should

3

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 07/06/2020 09:36 PM    INDEX NO. 710351/2020

NYSCEF DOC. NO. 2    Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 29 of 82 PageID #: 33    RECEIVED NYSCEF: 07/06/2020

reasonably have expected its acts to have consequences in the State of New York.

26. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from interstate or international commerce.

27. At all times herein mentioned, the defendant Lowe's Home Centers, LLC owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

28. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

29. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

30. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

31. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

32. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

33. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

34. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

4

IACCO & FILLAS, LLP

35. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

36. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

37. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

38. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

39. At all times herein mentioned, it was the duty of the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

40. That on or about May 30, 2020, while the plaintiff, Thalia Lardoutsos, was lawfully upon the defendant's premises located at 700 Dibblee Drive, County of Nassau, State of New York, when she was caused to fall by a dangerous, hazardous and unsafe condition of the curb in the parking lot located in front of the subject premises, causing her to sustain grievous personal injuries with attendant special damage.

41. Solely as a result of the defendants' negligence, carelessness and recklessness, Thalia Lardoutsos was caused to suffer severe and serious personal injuries to mind and body, and further, that Thalia Lardoutsos was subjected to great physical pain and mental anguish.

42. The aforesaid occurrence was caused by the negligence of the defendants, without any

5

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 31 of 82 PageID #: 35

culpable conduct on the part of Thalia Lardoutsos.

43. By reason of the foregoing, Thalia Lardoutsos was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Thalia Lardoutsos will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Thalia Lardoutsos incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Thalia Lardoutsos will be unable to pursue Thalia Lardoutsos's usual duties with the same degree of efficiency as prior to this accident, all to Thalia Lardoutsos's great damage.

44. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional sums of money for medical care in the future to attend to her injuries which she believes to be of a permanent nature.

45. As a result of the foregoing negligence of the defendants, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

46. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

47. Due to defendants' negligence, plaintiff is entitled to damages.

   **WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise

6

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 32 of 82 PageID #: 36

have jurisdiction, together with interest and the costs and disbursements of this action, and such

other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
      July 10, 2020

                                    By: Tonino Sacco, Esq.
                                    **SACCO & FILLAS, LLP**
                                    Attorneys for Plaintiff(s)
                                    31-19 Newtown Avenue
                                    Seventh Floor
                                    Astoria, New York 11102
                                    (718) 746-3440
                                    Our File # 24230-20

7

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

THALIA LARDOUTSOS

               Plaintiff(s),

     -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

               Defendant(s).

INDEX NO.:

**INDIVIDUAL
VERIFICATION**

STATE OF NEW YORK
COUNTY OF QUEENS

    Thalia Lardoutsos, sworn, deposes and says:

    That I am the plaintiff in the within action.

    I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

                             Thalia Lardoutsos

Sworn to before me this
16 day of July, 2020

_____
Notary Public

           **Yamilett C. Pernett**
   **Commissioner of Deeds, City of New York**
         No. 4-10170
     Cert. Filed in Queens County
  Commission Expires November 1, 2020

8

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC

Defendant(s).

### SUMMONS and VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed documents are not frivolous.

Dated: Queens, NY
July 10, 2020

Signature:
By: Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff(s)
Thalia Lardoutsos
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

9

FILED: QUEENS COUNTY CLERK 08/06/2020 02:38 PM INDEX NO. 710351/2020

NYSCEF DOC. NO. 10    Case 1:21-cv-00741-LDH-RLM  Document 1-1  Filed 02/11/21  Page 35 of 82 PageID #: 39    RECEIVED NYSCEF: 08/06/2020

P3494341

Form 27 - AFFIDAVIT OF SERVICE

**SACCO & FILLAS, LLP**    REGINA M. SZMUC
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

THALIA LARDOUTSOS

                                         PLAINTIFF    index No. **710351/2020**

                    - vs -                            Date Filed

LOWE'S HOME IMPROVEMENT, ETANO                        Office No. **24230-20**
                                                      Court Date.

                                         DEFENDANT

STATE OF **NEW YORK**, COUNTY OF **NASSAU**      :SS:

**CHARLES SPANO** being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York. That on the **23RD** day of **JULY, 2020 11:05AM**
at
    **700 DIBBLEE DRIVE**
    **GARDEN CITY NY 11530**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **LOWE'S HOME IMPROVEMENT** the
**DEFENDANT** therein named by delivering to, and leaving personally with **CHRIS OBANYA, MANAGER
AUTHORIZED TO ACCEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time
and circumstances of the service as follows:

SEX: **MALE**    COLOR: **BLACK** HAIR: **BALD**

APP.AGE: **53** APP. HT: **5'8** APP. WT: **190**

OTHER IDENTIFYING FEATURES

**GLASSES**

Sworn to before me this
24TH day of JULY, 2020

TIFFANY THOMPSON                          CHARLES SPANO
Notary Public, State of New York          PM Legal, LLC
NO. 01TH6368449                           75 MAIDEN LANE 11TH FLOOR
Qualified in KINGS COUNTY                 NEW YORK, NY 10038
Commission Expires 12/11/2021             Reference No: 3-SFLLP-3494341

1 of 1

P3494366

Form 27 - AFFIDAVIT OF SERVICE

**SACCO & FILLAS, LLP**   REGINA M. SZMUC
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

| | |
|---|---|
| THALIA LARDOUTSOS | index No. **710351/2020** |
| PLAINTIFF | Date Filed |
| - vs - | Office No. **24230-20** |
| LOWE'S HOME IMPROVEMENT, ETANO | Court Date. |
| DEFENDANT | |

STATE OF **NEW YORK**, COUNTY OF **NASSAU**     :SS:

**CHARLES SPANO**  being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the  **23RD**  day of  **JULY, 2020 11:05AM** at

**700 DIBBLEE DRIVE**
**GARDEN CITY NY 11530**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **LOWES'S HOME CENTERS, LLC** the **DEFENDANT** therein named by delivering to, and leaving personally with **CHRIS OBANYA, MANAGER AUTHORIZED TO ACCEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**    COLOR: **BLACK** HAIR: **BALD**
APP.AGE: **53** APP. HT: **5'8** APP. WT: **190**
OTHER IDENTIFYING FEATURES
**GLASSES**

Sworn to before me this
24TH day of JULY, 2020

TIFFANY THOMPSON
Notary Public, State of New York
NO. 01TH6368449
Qualified in KINGS COUNTY
Commission Expires 12/11/2021

CHARLES SPANO
PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-SFLLP-3494366

1 of 1



Sacco & Fillas, LLP
Attorneys at Law

**31-19 Newtown Avenue**
**Seventh Floor**
**Astoria, NY 11102**

Tel: 718 746-3440
Direct: 718 269-2231
Direct Fax: 718 425-9931

rszmuc@saccofillas.com
www.saccofillas.com

Tonino Sacco
Elias N. Fillas
Luigi Brandimarte

Lamont K. Rodgers
Albert R. Matuza, Jr.
U. William Sung
Joanne Ciaramella
Joseph Katz
Patricia R. Lynch
Richard Schirmer
James R. Baez
Ronald B. Groman
Elliot L. Lewis
Zachary S. Kaplan
Steven Hoffman
Dana M. Whitfield
Eric S. Cantor
Roman Grutman
James A. Wolff
Angel R. Vitiello
Michael S. Warycha
Evan R. Levtow
Jared Scotto
Boris Bernstein
Christopher P. DelCioppio
Elizabeth A. Athenas
Alexander Berger
David E. Silverman
Hariharan Krishnaraj
Cindy Simms

Also admitted in New Jersey
Admitted in New Jersey only

Additional Offices:

**Bayside**
42-40 Bell Boulevard
Suite 301
Bayside, NY 11361

91 7199 9991 7039 8817 5639

August 24, 2020

Lowe's Home Improvement
700 Dibblee Drive
Garden City, NY 11530

Re:     Lardoutsos v. Lowe's Home Improvement
        Index No.: 710351/2020
        Date of incident: May 30, 2020
        File # 24230-20

Dear Lowe's Home Improvement:

Please be advised that this office represents Thalia Lardoutsos for injuries sustained in an accident at 700 Dibblee Dr, Garden City, NY on May 30, 2020.

As you are aware, your Corporation was served with a summons and complaint on July 23, 2020. Copies of the Summons, Verified Complaint and Affidavit of Service are enclosed.

**Your last date to answer was August 20, 2020.**

No extension of time to answer has ever been requested nor has any answer been served on your behalf. You are now very seriously in default answering. If this office does not <u>ACTUALLY RECEIVE</u> an answer on your behalf, <u>WHETHER BY MAIL, FAX OR PERSONAL DELIVERY, NO LATER THAN</u> **SEPTEMBER 21, 2020,** a motion for a judgment by default will be made and, <u>ONCE SERVED, WILL NOT BE WITHDRAWN UNDER ANY CIRCUMSTANCES - NOT EVEN THE RECEIPT OF AN ANSWER THEREAFTER. A DEFAULT JUDGMENT MAY BE ENFORCEABLE AGAINST YOUR PERSONAL ASSETS. YOU ARE URGED TO SEE TO IT THAT YOUR INSURANCE COMPANY FULLY PROTECTS YOUR RIGHTS!</u>

Thank you for your courtesy and cooperation.

Very Truly Yours,
**Sacco & Fillas LLP**

By: Regina M. Szmuc, Paralegal
Enclosures

P3494341

Form 27 - AFFIDAVIT OF SERVICE

**SACCO & FILLAS, LLP**   REGINA M. SZMUC
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

THALIA LARDOUTSOS

PLAINTIFF

- vs -

LOWE'S HOME IMPROVEMENT, ETANO

DEFENDANT

index No. **710351/2020**
Date Filed
Office No. **24230-20**
Court Date.

STATE OF **NEW YORK**, COUNTY OF **NASSAU**    :SS:

**CHARLES SPANO** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the   **23RD** day of   **JULY, 2020 11:05AM** at

**700 DIBBLEE DRIVE**
**GARDEN CITY NY 11530**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **LOWE'S HOME IMPROVEMENT** the **DEFENDANT** therein named by delivering to, and leaving personally with **CHRIS OBANYA, MANAGER AUTHORIZED TO ACEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**    COLOR: **BLACK** HAIR: **BALD**

APP.AGE: **53** APP. HT: **5'8** APP. WT: **190**

OTHER IDENTIFYING FEATURES

**GLASSES**

Sworn to before me this
24TH day of JULY, 2020

TIFFANY THOMPSON
Notary Public, State of New York
NO. 01TH6368449
Qualified in KINGS COUNTY
Commission Expires 12/11/2021

CHARLES SPANO
PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-SFLLP-3494341

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed:
_____

Index No.:

THALIA LARDOUTSOS

          Plaintiff(s),

     -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

          Defendant(s).
_____

Plaintiff designates
QUEENS County as the
place of trial.

**SUMMONS**

The basis of venue is
Plaintiff's residence:
20-32 Utopia Parkway
Whitestone, NY 11357

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of

this summons is complete if this summons is not personally delivered to you within the State of

New York.

    In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
     July 10, 2020

                                     _____
                                     **By: Tonino Sacco, Esq.**
                                     **SACCO & FILLAS, LLP**
                                     Attorneys for Plaintiff(s)
                                     31-19 Newtown Avenue
                                     Seventh Floor
                                     Astoria, New York 11102
                                     (718) 746-3440
                                     Our File # 24230-20

**DEFENDANTS:**

Lowe's Home Improvement
700 Dibblee Drive
Garden City, NY 11530

SACCO & FILLAS, LLP

Lowe's Home Centers, LLC
700 Dibblee Drive
Garden City, NY 11530

**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

IACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

**VERIFIED COMPLAINT**

THALIA LARDOUTSOS

                   Plaintiff(s),

       -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

                   Defendant(s).

       Plaintiff, by her attorneys, **SACCO & FILLAS, LLP**, as and for her Verified

Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, Thalia Lardoutsos, at all times herein mentioned was and still is a resident of
   the County of Queens and the State of New York.

2. The defendant, Lowe's Home Improvement, at all times herein motioned, was and still is a
   domestic limited liability company organized and existing under the laws of the State of
   New York, with its principal place of business situated in the County of Nassau and the
   State of New York.

3. The defendant, Lowe's Home Improvement, at all times herein mentioned conducted and
   carried on business in the County of Nassau and the State of New York.

4. At all times herein mentioned, defendant Lowe's Home Improvement transacted business
   within the State of New York.

5. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial
   revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant Lowe's Home Improvement expected or should
   reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial

SACCO & FILLAS, LLP

revenue from interstate or international commerce.

8. At all times herein mentioned, the defendant Lowe's Home Improvement owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

9. At all times herein mentioned, the defendant Lowe's Home Improvement was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

10. At all times herein mentioned, the defendant Lowe's Home Improvement was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

11. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

12. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

13. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

14. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

15. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

16. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive,

SACCO & FILLAS, LLP

County of Nassau, State of New York.

17. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

18. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

19. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

20. At all times herein mentioned, it was the duty of the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

21. The defendant, Lowe's Home Centers, LLC, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Nassau and the State of New York.

22. The defendant, Lowe's Home Centers, LLC, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

23. At all times herein mentioned, defendant Lowe's Home Centers, LLC transacted business within the State of New York.

24. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

25. At all times herein mentioned, defendant Lowe's Home Centers, LLC expected or should

3

reasonably have expected its acts to have consequences in the State of New York.

26. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from interstate or international commerce.

27. At all times herein mentioned, the defendant Lowe's Home Centers, LLC owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

28. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

29. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

30. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

31. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

32. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

33. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

34. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

4

SACCO & FILLAS, LLP

35. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

36. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

37. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

38. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

39. At all times herein mentioned, it was the duty of the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

40. That on or about May 30, 2020, while the plaintiff, Thalia Lardoutsos, was lawfully upon the defendant's premises located at 700 Dibblee Drive, County of Nassau, State of New York, when she was caused to fall by a dangerous, hazardous and unsafe condition of the curb in the parking lot located in front of the subject premises, causing her to sustain grievous personal injuries with attendant special damage.

41. Solely as a result of the defendants' negligence, carelessness and recklessness, Thalia Lardoutsos was caused to suffer severe and serious personal injuries to mind and body, and further, that Thalia Lardoutsos was subjected to great physical pain and mental anguish.

42. The aforesaid occurrence was caused by the negligence of the defendants, without any

5

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 07/05/2020 09:36 PM          INDEX NO. 710351/2020

NYSCEF DOC. NO. 12     Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 46 of 82 PageID #: 50     RECEIVED NYSCEF: 07/05/2020

culpable conduct on the part of Thalia Lardoutsos.

43. By reason of the foregoing, Thalia Lardoutsos was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Thalia Lardoutsos will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Thalia Lardoutsos incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Thalia Lardoutsos will be unable to pursue Thalia Lardoutsos's usual duties with the same degree of efficiency as prior to this accident, all to Thalia Lardoutsos's great damage.

44. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional sums of money for medical care in the future to attend to her injuries which she believes to be of a permanent nature.

45. As a result of the foregoing negligence of the defendants, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

46. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

47. Due to defendants' negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise

6

SACCO & FILLAS, LLP

have jurisdiction, together with interest and the costs and disbursements of this action, and such

other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
     July 10, 2020

                                        By: Tonino Sacco, Esq.
                                        **SACCO & FILLAS, LLP**
                                        Attorneys for Plaintiff(s)
                                        31-19 Newtown Avenue
                                        Seventh Floor
                                        Astoria, New York 11102
                                        (718) 746-3440
                                        Our File # 24230-20

7

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 01/08/2020 09:36 AM INDEX NO. 710351/2020

NYSCEF DOC. NO. 12 Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 48 of 82 PageID #: 52 RECEIVED NYSCEF: 01/08/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

THALIA LARDOUTSOS

**INDEX NO.:**

Plaintiff(s),

**INDIVIDUAL VERIFICATION**

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

STATE OF NEW YORK
COUNTY OF QUEENS

Thalia Lardoutsos, sworn, deposes and says:

That I am the plaintiff in the within action.

I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

_Thalia Lardoutsos_
Thalia Lardoutsos

Sworn to before me this
16 day of July 2020.

_____
Notary Public

Yamilett C. Pernett
Commissioner of Deeds, City of New York
No. 4-10170
Cert. Filed in Queens County
Commission Expires November 1, 2020

8

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

_____

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC

Defendant(s).

_____

SUMMONS and VERIFIED COMPLAINT

_____

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed documents are not frivolous.

Dated: Queens, NY
       July 10, 2020

Signature: _____
By: Tonino Sacco, Esq.


SACCO & FILLAS, LLP
Attorneys for Plaintiff(s)
Thalia Lardoutsos
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

9



Sacco & Fillas, LLP
Attorneys at Law

**31-19 Newtown Avenue**
**Seventh Floor**
**Astoria, NY 11102**

**Tel: 718 746-3440**
**Direct: 718 269-2231**
**Direct Fax: 718 425-9931**

**rszmuc@saccofillas.com**
**www.saccofillas.com**

Tonino Sacco°
Elias N. Fillas
Luigi Brandimarte°

Lamont K. Rodgers
Albert R. Matuza, Jr.
U. William Sung
Joanne Ciaramella
Joseph Katz
Patricia R. Lynch
Richard Schirmer
James R. Baez°
Ronald B. Groman
Elliot L. Lewis
Zachary S. Kaplan
Steven Hoffman
Dana M. Whitfield
Eric S. Cantor
Roman Grutman°
James A. Wolff
Angel R. Vitiello
Michael S. Warycha
Evan R. Levtow
Jared Scotto
Boris Bernstein°
Christopher P. DelCioppio
Elizabeth A. Athenas
Alexander Berger
David E. Silverman
Hariharan Krishnaraj
Cindy Simms

°Also admitted in New Jersey
˜Admitted in New Jersey only

Additional Offices:

**Bayside**
42-40 Bell Boulevard
Suite 301
Bayside, NY 11361

9⅃ ⁊⅃99 9991 ⁊039 88⅃⁊ 5646

August 24, 2020

Lowe's Home Centers, LLC
700 Dibblee Drive
Garden City, NY 11530

Re:     Lardoutsos v. Lowe's Home Improvement
        Index No.: 710351/2020
        Date of incident: May 30, 2020
        File # 24230-20

Dear Lowe's Home Improvement:

Please be advised that this office represents Thalia Lardoutsos for injuries sustained in an accident at 700 Dibblee Dr, Garden City, NY on May 30, 2020.

As you are aware, your Corporation was served with a summons and complaint on July 23, 2020. Copies of the Summons, Verified Complaint and Affidavit of Service are enclosed.

**Your last date to answer was August 20, 2020.**

No extension of time to answer has ever been requested nor has any answer been served on your behalf. You are now very seriously in default answering. If this office does not <u>ACTUALLY RECEIVE</u> an answer on your behalf, <u>WHETHER BY MAIL, FAX OR PERSONAL DELIVERY, NO LATER THAN</u> **SEPTEMBER 21, 2020**, a motion for a judgment by default will be made and, <u>ONCE SERVED, WILL NOT BE WITHDRAWN UNDER ANY CIRCUMSTANCES - NOT EVEN THE RECEIPT OF AN ANSWER THEREAFTER. A DEFAULT JUDGMENT MAY BE ENFORCEABLE AGAINST YOUR PERSONAL ASSETS. YOU ARE URGED TO SEE TO IT THAT YOUR INSURANCE COMPANY FULLY PROTECTS YOUR RIGHTS!</u>

Thank you for your courtesy and cooperation.

Very Truly Yours,
**Sacco & Fillas LLP**

By: Regina M. Szmuc, Paralegal
Enclosures

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 51 of 82 PageID #: 55

P3494366

Form 27 - AFFIDAVIT OF SERVICE

**SACCO & FILLAS, LLP**    REGINA M. SZMUC
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

| | |
|---|---|
| THALIA LARDOUTSOS | index No. **710351/2020** |
|                                        PLAINTIFF | Date Filed |
|          - vs - | Office No. **24230-20** |
| LOWE'S HOME IMPROVEMENT, ETANO | Court Date. |
|                                        DEFENDANT | |

STATE OF **NEW YORK**, COUNTY OF **NASSAU**    :SS:

**CHARLES SPANO** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **23RD** day of **JULY, 2020 11:05AM** at

    **700 DIBBLEE DRIVE**
    **GARDEN CITY NY 11530**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **LOWES'S HOME CENTERS, LLC** the **DEFENDANT** therein named by delivering to, and leaving personally with **CHRIS OBANYA, MANAGER AUTHORIZED TO ACCEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**    COLOR: **BLACK** HAIR: **BALD**
APP.AGE: **53** APP. HT: **5'8** APP. WT: **190**
OTHER IDENTIFYING FEATURES
**GLASSES**

Sworn to before me this
24TH day of JULY, 2020

TIFFANY THOMPSON
Notary Public, State of New York
NO. 01TH6368449
Qualified in KINGS COUNTY
Commission Expires 12/11/2021

CHARLES SPANO
PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-SFLLP-3494366

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed:

_____

Index No.:

THALIA LARDOUTSOS

                Plaintiff(s),

       -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

              Defendant(s).

_____

Plaintiff designates
QUEENS County as the
place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
20-32 Utopia Parkway
Whitestone, NY 11357

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of

this summons is complete if this summons is not personally delivered to you within the State of

New York.

    In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
      July 10, 2020

                               _____
                               **By: Tonino Sacco, Esq.**
                               **SACCO & FILLAS, LLP**
                               Attorneys for Plaintiff(s)
                               31-19 Newtown Avenue
                               Seventh Floor
                               Astoria, New York 11102
                               (718) 746-3440
                               Our File # 24230-20

**DEFENDANTS:**

Lowe's Home Improvement
700 Dibblee Drive
Garden City, NY 11530

SACCO & FILLAS, LLP

Lowe's Home Centers, LLC
700 Dibblee Drive
Garden City, NY 11530


**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

IACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                    Index No.:

_____            **VERIFIED COMPLAINT**

THALIA LARDOUTSOS

                          Plaintiff(s),

              -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

                          Defendant(s).
_____

      Plaintiff, by her attorneys, **SACCO & FILLAS, LLP**, as and for her Verified

Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, Thalia Lardoutsos, at all times herein mentioned was and still is a resident of
   the County of Queens and the State of New York.

2. The defendant, Lowe's Home Improvement, at all times herein motioned, was and still is a
   domestic limited liability company organized and existing under the laws of the State of
   New York, with its principal place of business situated in the County of Nassau and the
   State of New York.

3. The defendant, Lowe's Home Improvement, at all times herein mentioned conducted and
   carried on business in the County of Nassau and the State of New York.

4. At all times herein mentioned, defendant Lowe's Home Improvement transacted business
   within the State of New York.

5. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial
   revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant Lowe's Home Improvement expected or should
   reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant Lowe's Home Improvement derived substantial

revenue from interstate or international commerce.

8. At all times herein mentioned, the defendant Lowe's Home Improvement owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

9. At all times herein mentioned, the defendant Lowe's Home Improvement was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

10. At all times herein mentioned, the defendant Lowe's Home Improvement was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

11. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

12. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

13. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

14. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

15. At all times herein mentioned, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

16. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive,

2

SACCO & FILLAS, LLP

County of Nassau, State of New York.

17. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

18. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

19. On or before May 30, 2020, the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

20. At all times herein mentioned, it was the duty of the defendant Lowe's Home Improvement, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

21. The defendant, Lowe's Home Centers, LLC, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Nassau and the State of New York.

22. The defendant, Lowe's Home Centers, LLC, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

23. At all times herein mentioned, defendant Lowe's Home Centers, LLC transacted business within the State of New York.

24. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

25. At all times herein mentioned, defendant Lowe's Home Centers, LLC expected or should

3

SACCO & FILLAS, LLP

reasonably have expected its acts to have consequences in the State of New York.

26. At all times herein mentioned, defendant Lowe's Home Centers, LLC derived substantial revenue from interstate or international commerce.

27. At all times herein mentioned, the defendant Lowe's Home Centers, LLC owned the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

28. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was one of the owners of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

29. At all times herein mentioned, the defendant Lowe's Home Centers, LLC was a lessee of the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

30. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees operated the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

31. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees maintained the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

32. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees managed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

33. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees controlled the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

34. At all times herein mentioned, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees supervised the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

4

FILED: QUEENS COUNTY CLERK 07/06/2020 09:36 PM  INDEX NO. 710351/2020

NYSCEF DOC. NO. 12  Case 1:21-cv-00741-LDH-RLM  Document 1-1  Filed 02/11/21  Page 58 of 82 PageID #: 62  RECEIVED NYSCEF: 07/06/2020

35. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees repaired the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

36. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees inspected the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

37. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees constructed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

38. On or before May 30, 2020, the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees designed the premises located at 700 Dibblee Drive, County of Nassau, State of New York.

39. At all times herein mentioned, it was the duty of the defendant Lowe's Home Centers, LLC, defendant's servants, agents and/or employees to maintain said premises located at 700 Dibblee Drive, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

40. That on or about May 30, 2020, while the plaintiff, Thalia Lardoutsos, was lawfully upon the defendant's premises located at 700 Dibblee Drive, County of Nassau, State of New York, when she was caused to fall by a dangerous, hazardous and unsafe condition of the curb in the parking lot located in front of the subject premises, causing her to sustain grievous personal injuries with attendant special damage.

41. Solely as a result of the defendants' negligence, carelessness and recklessness, Thalia Lardoutsos was caused to suffer severe and serious personal injuries to mind and body, and further, that Thalia Lardoutsos was subjected to great physical pain and mental anguish.

42. The aforesaid occurrence was caused by the negligence of the defendants, without any

5

SACCO & FILLAS, LLP

culpable conduct on the part of Thalia Lardoutsos.

43. By reason of the foregoing, Thalia Lardoutsos was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Thalia Lardoutsos will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Thalia Lardoutsos incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Thalia Lardoutsos will be unable to pursue Thalia Lardoutsos's usual duties with the same degree of efficiency as prior to this accident, all to Thalia Lardoutsos's great damage.

44. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional sums of money for medical care in the future to attend to her injuries which she believes to be of a permanent nature.

45. As a result of the foregoing negligence of the defendants, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

46. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

47. Due to defendants' negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise

6

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 60 of 82 PageID #: 64

have jurisdiction, together with interest and the costs and disbursements of this action, and such

other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
      July 10, 2020

                                          _____
                                          By: Tonino Sacco, Esq.
                                          **SACCO & FILLAS, LLP**
                                          Attorneys for Plaintiff(s)
                                          31-19 Newtown Avenue
                                          Seventh Floor
                                          Astoria, New York 11102
                                          (718) 746-3440
                                          Our File # 24230-20

7

FILED: QUEENS COUNTY CLERK 07/05/2020 09:36 AM          INDEX NO. 710351/2020

NYSCEF DOC. NO. 12          Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 61 of 82 PageID #: 65   RECEIVED NYSCEF: 07/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

THALIA LARDOUTSOS

INDEX NO.:

               Plaintiff(s),

**INDIVIDUAL VERIFICATION**

      -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

               Defendant(s).

STATE OF NEW YORK
COUNTY OF QUEENS

     Thalia Lardoutsos, sworn, deposes and says:

     That I am the plaintiff in the within action.

     I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

                                    Thalia Lardoutsos

Sworn to before me this

16 day of July, 2020.

_____
Notary Public

**Yamilett C. Pernett**
Commissioner of Deeds, City of New York
No. 4-10170
Cert. Filed in Queens County
Commission Expires November 1, 2020

8

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 07/05/2020 09:36 PM          INDEX NO. 710351/2020

NYSCEF DOC. NO. 12    Case 1:21-cv-00741-LDH-RLM  Document 1-1  Filed 02/11/21  Page 62 of 82 PageID #: 66    RECEIVED NYSCEF: 07/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC

Defendant(s).

### SUMMONS and VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Queens, NY
July 10, 2020

Signature:
By: Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff(s)
Thalia Lardoutsos
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 24230-20

9

Case 1:21-cv-00741-LDH-RLM  Document 1-1  Filed 02/11/21  Page 63 of 82 PageID #: 67

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

THALIA LARDOUTSOS

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

---

INDEX NO. 710351/2020

**AFFIDAVIT OF
ADDITIONAL MAILING
UNDER CPLR § 3215(f)**

STATE OF NEW YORK  )
COUNTY OF QUEENS  )  S.S.:

Regina M. Szmuc, being duly sworn, swears under the penalties of perjury as follows:

1. I am over eighteen (18) years of age and am not a party to this action and reside in the State of New York.

2. On the 24th day of August, I mailed a letter that included a copy of the Summons and Verified Complaint and Affidavit of Service, to defendant LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC at 700 Dibble Drive, Garden City, NY 11530 via first class mail, advising them that an Summons and Verified Complaint was previously served on July 23, 2020. The letter was sent in a plain envelope bearing the legend "Personal and Confidential," as required by CPLR § 3215(f). The letter did not evince any marking that it was sent from an attorney's office or that it concerned an alleged debt.

3. Included with the Summons and Complaint was a notice advising the defendants, LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC, that service was duly made upon their business on July 23, 2020.

Regina M. Szmuc

Sworn to before me
on November 6, 2020

NOTARY PUBLIC

**GENE M. TARADASH**
Notary Public, State of New York
Registration #01TA6044583
Qualified In New York County
Commission Expires July 10, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____          Index No. 710351/2020

THALIA LARDOUTSOS,

                              Plaintiff,

                                                 **AFFIDAVIT IN SUPPORT**
        -against-

LOWE'S HOME IMPROVEMENT and LOWE'S HOME
CENTERS, LLC,

                              Defendants.
_____

STATE OF NEW YORK      }
                       } SS.:
COUNTY OF QUEENS       }

        THALIA LARDOUTSOS, being duly sworn, deposes and says:

1. That I am the Plaintiff in the within action.

2. I incorporate and support all the statements made in my attorney's accompanying Affirmation as if stated in full herein.

3. I make this Affidavit in Support of this Motion for default judgment against the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC.

4. This is an action for personal injuries occurring from an incident on May 30, 2020 when I was caused to fall by a dangerous, hazardous and unsafe condition of the curb in the parking lot in front of the Defendants' premises located at 700 Dibblee Drive, County of Nassau, State of New York, causing me to sustain grievous personal injuries with attendant special damage.

5. By reason of the occurrence, I sustained the following injuries, which are permanent in nature:

        RIGHT WRIST[1]:

_____

[1] Below listed injured necessitated the Plaintiff to undergo an Open Reduction Internal Fixation of the right distal radius fracture on June 10, 2020 performed by Dr. David V. Tuckman.

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 65 of 82 PageID #: 69

      a)    Acute complete comminuted displaced diametaphyseal distal radius fracture;

      b)    Acute complete displaced ulnar styloid fracture; and multiple edemas of fingers.

6.   Based upon the foregoing, my attorneys advise me that I have a meritorious cause of action since I was caused to be injured when I was lawfully upon said premises.

7.   The negligence of the Defendants, LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC, its agents, servants, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments, and those acting under its direction, behest, permission, in the ownership, management, operation, inspection, supervision, maintenance, control and repair of the aforesaid parking lot located in front of the Defendants' premises located at 700 Dibblee Drive, County of Nassau, State of New York; in permitting and allowing their property to be kept in a dangerous condition at the aforesaid location, which presented a dangerous and hazardous condition; in permitting and allowing a tripping hazard to exist on its premises; in failing to give any warning of the aforesaid dangerous and unsafe condition; in failing to provide those lawfully upon the said premises, and I, in particular, with a safe place to walk; in failing to maintain the said area in a safe condition and permitting the dangerous and unsafe condition to exist which Defendants, knew, and/or in the exercise of reasonable care, should have known, would cause injury to persons lawfully upon the parking lot in front of the Defendants' premises; in permitting and allowing the aforesaid dangerous and unsafe condition to exist in an area where people would be walking; in failing to inspect or improperly inspecting the said area; in failing to take the necessary and requisite steps to prevent this foreseeable occurrence; in failing to hire competent employees; in failing to train and instruct its employees properly with regard to safety procedure; in failing to provide its patrons and customers with a safe means of ingress and egress; and in violating the applicable laws, rules, and regulations then and there pertaining.

8.   I respectfully request that this Motion be granted in its entirety and that such other and further

relief be granted as to this Court seems just and proper.

x _Thyy Lardoutso_
THÁLIA LARDOUTSOS

Sworn and subscribed to before me
This  6  day of _November_  2020

NOTARY PUBLIC

> **GENE M. TARADASH**
> **Notary Public, State of New York**
> **Registration #01TA6044583**
> **Qualified In New York County**
> **Commission Expires July 10, 20__**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Single Attorney Authorizing Individual Filing Agent)

I, TONINO SACCO                    , Esq., ( Attorney Registration No.
2375772          ) am an authorized user of the New York State Courts Electronic Filing
System ("NYSCEF") (User ID _____ ). I hereby authorize
GENE M. TARADASH                              ("the filing agent") to utilize his/her
NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter
in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of
the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously
consented to e-filing, to any mandatory matter in which I have recorded my representation,  and
to any matter in which I may authorize the filing agent to record my consent or representation
in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing
agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to
each matter in which I am counsel of record, shall be deemed to accompany any document filed
in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make
either by debiting an account the filing agent maintains with the County Clerk of any authorized
e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-
filing county.

This authorization regarding this filing agent shall continue  until I revoke it in writing
on a prescribed form delivered to the E-Filing Resource Center.

Dated: 11/11/2019

_____          ASTORIA, N.Y. 11102
Signature                                City, State and Zip Code

TONINO SACCO, ESQ.                       (718) 269-2222
Print Name                               Phone

SACCO & FILLAS, LLP                      TSACCO@SACCOFILLAS.COM
Firm/Department                          E-Mail Address

31-19 NEWTOWN AVENUE, FL. 7
Street Address

                                              (6/6/13)

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

SUPREME ☐ COURT, COUNTY OF QUEENS ☐

Index No: __710351/2020__  Date Index Issued: __07/17/2020__

| For Court Use Only: |
| --- |

**CAPTION**  Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

IAS Entry Date

THALIA LARDOUTSOS,

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-

LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC,

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**  Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**  Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):  ○ Residential  ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see *NOTE* in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ● Other Negligence (specify): Trip & Fall incident
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see *NOTE* in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**  Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |  |
| --- | --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ● | ○ | If yes, date filed: | 07/17/2020 |
| Has a summons and complaint or summons with notice been served? | ● | ○ | If yes, date served: | 07/23/2020 |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: | _____ |

**NATURE OF JUDICIAL INTERVENTION**  Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice  Date Issue Joined: _____
- ● Notice of Motion  Relief Requested: Default Judgment  Return Date: 12/14/2020
- ○ Notice of Petition  Relief Requested: _____  Return Date: _____
- ○ Order to Show Cause  Relief Requested: _____  Return Date: _____
- ○ Other Ex Parte Application  Relief Requested: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | | |
|---|---|---|---|---|---|
| Case Title | Index/Case Number | Court | | Judge (if assigned) | Relationship to instant case |
| NONE | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Parties** | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: THALIA LARDOUTSOS Role(s): Plaintiff | SACCO & FILLAS, LLP 31-19 Newtown Avenue, Astoria, NY 11102 718-269-1626; gtaradash@saccofillas.com | ○ YES ● NO | |
| ☑ | Name: LOWE'S HOME IMPROVEMENT Role(s): Defendant | 700 Dibblee Drive, Garden City, NY 11530 (516) 794-6531 | ○ YES ● NO | |
| ☑ | Name: LOWE'S HOME CENTERS, LLC Role(s): Defendant | 700 Dibblee Drive, Garden City, NY 11530 (516) 794-6531 | ○ YES ● NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 11/06/2020

_____
Signature

2375772
Attorney Registration Number

TONINO SACCO
Print Name

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 70 of 82 PageID #: 74

STATE OF NEW YORK
SUPREME COURT : COUNTY OF QUEENS

THALIA LARDOUTSOS,

                          Plaintiff,

v.

LOWE'S HOME IMPROVEMENT and
LOWE'S HOME CENTERS, LLC,

                          Defendants.

**VERIFIED ANSWER**

Index No.: 710351/2020

       Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Improvement and Lowe's Home Centers, LLC") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows, upon information and belief:

       1.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

       2.     Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

       3.     Lowe's denies the allegations contained in paragraph 3 of the Verified Complaint.

       4.     Lowe's denies the allegations contained in paragraph 4 of the Verified Complaint.

       5.     Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

       6.     Lowe's denies the allegations contained in paragraph 6 of the Verified Complaint.

       7.     Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

       8.     Lowe's denies the allegations contained in paragraph 8 of the Verified Complaint.

       9.     Lowe's denies the allegations contained in paragraph 9 of the Verified Complaint.

       10.    Lowe's denies the allegations contained in paragraph 10 of the Verified Complaint.

28644891.v1

11.     Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Lowe's denies the allegations contained in paragraph 17 of the Verified Complaint.

18.     Lowe's denies the allegations contained in paragraph 18 of the Verified Complaint.

19.     Lowe's denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Lowe's denies the allegations contained in paragraph 20 of the Verified Complaint.

21.     In response to paragraph 21 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business

2

located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 21 of the Verified Complaint.

22. Lowe's admits the allegations contained in paragraph 22 of the Verified Complaint.

23. Lowe's admits the allegations contained in paragraph 23 of the Verified Complaint.

24. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Verified Complaint.

25. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Verified Complaint.

26. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Verified Complaint.

27. Lowe's denies the allegations contained in paragraph 27 of the Verified Complaint.

28. Lowe's denies the allegations contained in paragraph 28 of the Verified Complaint.

29. Lowe's admits the allegations contained in paragraph 29 of the Verified Complaint.

30. In response to paragraph 30 of the Verified Complaint, Lowe's admits that Lowe's operated a home improvement retail store on the premises located at 700 Dibblee Drive, Garden City, New York 11530, and denies any remaining allegations contained within paragraph 30 of the Verified Complaint.

31. Lowe's denies the allegations contained in paragraph 31 of the Verified Complaint.

3

28644891.v1

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 73 of 82 PageID #: 77

32.     Lowe's denies the allegations contained in paragraph 32 of the Verified Complaint.

33.     Lowe's denies the allegations contained in paragraph 33 of the Verified Complaint.

34.     Lowe's denies the allegations contained in paragraph 34 of the Verified Complaint.

35.     Lowe's denies the allegations contained in paragraph 35 of the Verified Complaint.

36.     Lowe's denies the allegations contained in paragraph 36 of the Verified Complaint.

37.     Lowe's denies the allegations contained in paragraph 37 of the Verified Complaint.

38.     Lowe's denies the allegations contained in paragraph 38 of the Verified Complaint.

39.     Paragraph 39 of the Verified Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required, Lowe's denied the allegations contained in paragraph 39 of the Verified Complaint.

40.     Lowe's denies the allegations contained in paragraph 40 of the Verified Complaint.

41.     Lowe's denies the allegations contained in paragraph 41 of the Verified Complaint.

42.     Lowe's denies the allegations contained in paragraph 42 of the Verified Complaint.

4

28644891.v1

43.     Lowe's denies the allegations contained in paragraph 43 of the Verified Complaint.

44.     Lowe's denies the allegations contained in paragraph 44 of the Verified Complaint.

45.     Lowe's denies the allegations contained in paragraph 45 of the Verified Complaint.

46.     Lowe's denies the allegations contained in paragraph 46 of the Verified Complaint.

47.     Lowe's denies the allegations contained in paragraph 47 of the Verified Complaint.

48.     Lowe's denies each and every other allegation of the Verified Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

49.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

50.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

5

28644891.v1

Case 1:21-cv-00741-LDH-RLM Document 1-1 Filed 02/11/21 Page 75 of 82 PageID #: 79

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

51.     The Verified Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

52.     The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

53.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

54.     Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

55.     The underlying incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

56.     Plaintiff was the sole proximate cause of the alleged incident and her alleged injuries.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

57.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or

6

28644891.v1

will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

58.     If the plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

59.     Any risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

60.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the Plaintiff.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

61.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a.      Dismissing plaintiff's Verified Complaint, or

7

28644891.v1

INDEX NO. 710351/2020

RECEIVED NYSCEF: 12/29/2020

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 77 of 82 PageID #: 81

    b.  Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the plaintiff's damages;

    c.  Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

    d.  Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
   December 29, 2020

            GOLDBERG SEGALLA LLP

            Kenneth L. Bostick, Jr., Esq.
            *Attorney for Defendants*
            *Lowe's Home Centers, LLC*
            665 Main Street
            Buffalo, New York 14203
            (716) 566-5400

TO:  Tonino Sacco, Esq.
   Sacco & Fillas, LLP
   *Attorneys for Plaintiff*
   31-19 Newtown Avenue, Seventh Floor
   Astoria, New York 11102
   (718) 746-3440

8

28644891.v1

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.      I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Improvement and Lowe's Home Centers, LLC") ("Lowe's") in this matter.

2.      I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.      The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Queens, where this action is venued.

_____
Kenneth L. Bostick, Jr.

Sworn to before me this
29th day of December, 2020.

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 710351/2020

-----------------------------------------------------------------X

THALIA LARDOUTSOS

**STIPULATION TO**
**WITHDRAW MOTION**

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

-----------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the

respective parties herein that the motion currently returnable on January 14, 2021 is hereby

withdrawn and asks the Court not to render and/or enter a Decision/Order thereon.  A facsimile

copy of this Stipulation shall serve as an original.

Dated: Queens, NY
      December 29, 2020

**SACCO & FILLAS, LLP**
By: Tonino Sacco, Esq.
Attorney for Thalia Lardoutsos
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102
718-746-3440
Our File No: 24230-20

Goldberg Segalla
Attorney for Defendant(s)
Lowe's Home Centers, LLC
Lowe's Home Improvement
665 Main Street
Buffalo, NY 14203
(716) 566-5400
By: Kenneth L. Bostick, Jr., Esq.

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 80 of 82 PageID #: 84

SUPREME COURT OF THE STATE OF NEW YORK     INDEX NO.: 710351/2020
COUNTY OF QUEENS

THALIA LARDOUTSOS              **REQUEST FOR**
                                     **PRELIMINARY**
                 Plaintiff(s),           **CONFERENCE**

       -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

                 Defendant(s).

        The undersigned requests a preliminary conference.
        The nature of the action is to recover money damages for personal injury due to
defendant's negligence.
        The names, addresses and telephone numbers of the attorneys appearing herein are:

                **SACCO & FILLAS, LLP**
                **Attorneys for Plaintiff, Thalia Lardoutsos**
                **31-19 Newtown Avenue**
                **7 Floor**
                **Astoria, NY 11102**
                **(718) 269-2222**

                **Goldberg Segalla**
                **Attorney for Defendant(s)**
                **Lowe's Home Centers, LLC**
                **Lowe's Home Improvement**
                **665 Main Street**
                **Buffalo, NY 14203**
                **(716) 566-5400**

Dated: Astoria, New York
        January 19, 2021

                By: Tonino Sacco, Esq.
                **SACCO & FILLAS, LLP**
                Attorneys for Plaintiff(s)
                31-19 Newtown Avenue
                Seventh Floor
                Astoria, New York 11102
                (718) 746-3440

SACCO & FILLAS, LLP

FILED: QUEENS COUNTY CLERK 01/22/2021 12:20 PM
NYSCEF DOC. NO. 19

INDEX NO. 710351/2020

RECEIVED NYSCEF: 01/22/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO.: 710351/2020

THALIA LARDOUTSOS

**AFFIDAVIT OF MAIL SERVICE**

Plaintiff(s),

-against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME
CENTERS, LLC

Defendant(s).

STATE OF NEW YORK
COUNTY OF QUEENS

Regina M. Szmuc, being duly sworn, says:

I am not a party to the action; I reside at Queens, New York and I am over 18 years of age.

On 19 day of January, 2021, I served the within **Request for Preliminary Conference** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

Goldberg Segalla
665 Main Street
Buffalo, NY 14203

Regina M. Szmuc

Sworn to before me
19 day of January 2021

NOTARY PUBLIC

TONINO SACCO
Notary Public, State of New York
No. 02SA4979498
Qualified in Queens County
Commission Expires April 01, 2023

SACCO & FILLAS, LLP

Case 1:21-cv-00741-LDH-RLM   Document 1-1   Filed 02/11/21   Page 82 of 82 PageID #: 86

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO.: 710351/2020

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THALIA LARDOUTSOS

        Plaintiff(s),

    -against-

LOWE'S HOME IMPROVEMENT AND LOWE'S HOME CENTERS, LLC

        Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## REQUEST FOR PRELIMINARY CONFERENCE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:    Queens, NY
        January 19, 2021

                    Signature: _____
                    By: Tonino Sacco, Esq.

        **SACCO & FILLAS, LLP**
        Attorneys for Plaintiff(s)
        Thalia Lardoutsos
        31-19 Newtown Avenue
        Seventh Floor
        Astoria, New York 11102
        (718) 746-3440
        Our File # 24230-20