UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THALIA LARDOUTSOS,

                      Plaintiff,

v.

LOWE'S HOME IMPROVEMENT and LOWE'S HOME CENTERS, LLC,

                      Defendants.

**MEMORANDUM AND ORDER**

1:21-CV-00741 (LDH) (RLM)

---

LaSHANN DeARCY HALL, United States District Judge:

Thalia Lardoutsos ("Plaintiff") brings this action against Lowe's Home Improvement and Lowe's Home Centers, LLC (together, "Lowe's"),[1] alleging negligence. Lowe's moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss Plaintiff's complaint in its entirety.

## STATEMENT OF UNDISPUTED FACTS[2]

This dispute arises from Plaintiff's fall in Lowe's parking lot. On May 30, 2020, Plaintiff visited the Lowe's Home Improvement store located at 700 Dibblee Drive, Garden City, New York. (Pl's. Rule 56.1 Response Statement ("Pl's. 56.1 Resp.") ¶¶ 1-2, ECF 31-7.) The parking lot contains multiple "parking lot islands," which are landscaped islands filled with mulch and each surrounded by a concrete barrier. (*Id.* ¶ 8.) Plaintiff had visited this Lowe's location on two or three prior occasions. (*Id.* ¶ 4.)

---

[1] According to Lowe's, Plaintiff incorrectly sued "Lowe's Home Improvement and Lowe's Home Centers, LLC," rather than "Lowe's Home Centers, LLC." To avoid confusion, the Court refers to "Lowe's" as a singular defendant.

[2] The following facts are undisputed unless otherwise noted. Further, facts that were not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

1

After her husband parked their car, Plaintiff began walking alone towards the store entrance. (*Id.* ¶ 5-6.) Plaintiff had no difficulty seeing what was in front of her, and there was no snow or rain that day. (*Id.* ¶¶ 39-40.) Plaintiff testified that the incident occurred "around two o'clock." (Decl. of Kenneth L. Bostick, Jr., Esq. Supp. Summary J. Mot., Ex. D ("Pl's. Tr.") 11:6, ECF No. 30-7.)

Plaintiff walked parallel to the building with two lanes of traffic to her left and a parking lot island to her right. (Pl's. 56.1 Resp. ¶ 13.) As she walked towards the store, vehicle traffic was passing to Plaintiff's left side. (*Id.* ¶ 15.) To avoid the traffic, Plaintiff stepped onto the parking lot island to her right. (*Id.* ¶¶ 16-17.) Plaintiff testified that she first stepped onto the curb of the parking lot island with her right foot. (Pl's. Tr. 20:13-19.) Plaintiff then placed her left foot onto the curb, which landed without incident. (Pl's. 56.1 Resp. ¶ 21.)

Plaintiff fell forward onto the parking lot surface as she attempted to step down from the curb with her right foot. (*Id.* ¶¶ 23, 26.) Plaintiff testified that her right "foot got caught on the sidewalk" which "did not steadily balance when [she] stepped down." (Pl's. Tr. 21:16-19.) While being helped up, Plaintiff saw a "rupture" in the curb of the parking lot island where she had attempted to step down. (Pl's. 56.1 Resp. ¶ 27.) Plaintiff did not see the rupture until after she fell. (*Id.* ¶ 28.) Plaintiff further testified that she did not feel the rupture under her foot before she fell. (Pl's. Tr. 23:6-13.) Nor could Plaintiff describe the appearance of the rupture other than saying it was "open and broken." (Pl's. 56.1 Resp. ¶ 30.) Plaintiff is not aware of anyone having made complaints to Lowe's about any of the parking lot islands. (*Id.* ¶ 44.)

The next day, Plaintiff's daughter came to the Lowe's store and reported the incident. (Def's. Reply Pl's. Rule 56.1 Statement Material Facts ("Def's. 56.1 Resp.") ¶ 9, ECF No. 32-1.) Christian Cabral was an assistant store manager for Lowe's at the time of the incident. (Pl's.

56.1 Resp. ¶ 45.) Cabral is not aware of any previous complaints, repairs, or incidents involving the parking lot island where Plaintiff fell. (*Id.* ¶¶ 46-49.) Likewise, Shawn McKenna was an Asset Protection and Safety Manager for Lowe's at the time of the incident, who also does not recall any complaints, work orders, or issues involving the parking lot island where Plaintiff fell. (*Id.* ¶¶ 50-55.) In addition, a Lowe's employee inspects the parking lot daily for safety concerns, and employees are stationed in the parking lot who continuously inspect for dangerous conditions and report any issues. (*Id.* ¶¶ 56-57.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).

Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *See Celotex Corp.*, 477 U.S. at 325. "But where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis omitted) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining*

*Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)); *see also Leone v. Owsley*, 810 F.3d 1149, 1153–54 (10th Cir. 2015) (collecting cases).

Once the movant meets her initial burden, the non-moving party may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

Finally, "[i]n considering motions for summary judgment, a court can consider only admissible evidence." *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 569 (E.D.N.Y. 2013), *aff'd in part, dismissed in part*, 594 F. App'x 723 (2d Cir. 2014) (citing *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)). "The rules governing the admissibility of evidence on a summary judgment motion are the same as those governing admissibility at trial, and the district court has broad discretion in choosing whether to admit evidence." *Id.* Rule 702, which governs the admissibility of expert testimony, permits expert opinions "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

## DISCUSSION

"In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation[.]" *Deputron v. A & J Tours, Inc.*, 106 A.D.3d

4

944, 945 (N.Y. App. Div. 2013) (internal quotation marks omitted). Here, Lowe's argues that summary judgment is appropriate because Plaintiff has adduced no evidence as to what caused her fall. (Mem. L. Sup. Def's. Mot Sum. J. ("Def's. Mem.") at 5, ECF No. 30-2); (Reply Mem. L. Further Sup. Def's. Mot. Sum. J. and to Preclude Pl's. Purported Liability Expert ("Def's. Reply Mem.") at 3-4, ECF No. 32.) The Court agrees.

New York courts have long held that a defendant is entitled to summary judgment where it demonstrates that "the injured plaintiff was unable to identify the cause of her accident without engaging in speculation." *Bolde v. Borgata Hotel Casino & Spa*, 70 A.D.3d 617, 618 (N.Y. App. Div. 2010). Here, Plaintiff seeks to hold Lowe's liable for injuries related to her fall, on grounds that Lowe's maintained a faulty rupture that caused Plaintiff to fall. (Mem. L. Opp'n. to Def's. Mot. Sum. J. ("Pl's. Opp'n."), ECF No. 31-8.) But when asked about the rupture that purportedly caused her to fall, Plaintiff testified that she did not feel the rupture before her fall, nor could she describe it other than to say it was "open" and "broken." (Pl's. Tr. 23:6-13); (Pl's. 56.1 Resp. ¶ 30.) Indeed, only *after* Plaintiff fell did she notice the alleged rupture in the curb. (*Id.* 22:13-15) ("Well, it was, or later they saw over there it was broken, like ruptured and I saw it when I was getting up."); (*id.* 22:18) ("I saw it at the same moment that I got up.") Importantly, when asked "what caused [her] to fall down," Plaintiff testified that "I didn't have my balance on the thing and I fell down." (Pl's. Tr. 22:8-10.) From this record, it is apparent that Plaintiff is unable to identify the cause of her fall, and—for this reason alone—her claim is ripe for dismissal. *See Goldberg v. Vill. of Mount Kisco*, 125 A.D.3d 929, 930 (N.Y. App. Div. 2015) (granting summary judgment for defendants where plaintiff testified that he did not "feel anything that caused him to fall"); *Smith v. The City of New York*, No. 111178/2005, 2010 WL 1975312 (N.Y. Sup. Ct. May 04, 2010) ("Plaintiffs deposition testimony makes it clear that she

5

cannot say from her personal knowledge and observations what caused her to fall," after testifying her foot "did not slide or slip" before the fall).

In an effort to save her claim, Plaintiff directs the Court to her testimony where she makes the seemingly stray comment that "[t]he rupture was the cause of my fall." (Pl's. Tr. 61:2-7.)[3] Plaintiff claims that this testimony establishes causation. (Pl's. Opp'n. at 11.) Taking her testimony as a whole, however, it is apparent that such an assertion amounts to pure speculation that is insufficient to defeat a motion for summary judgment. In the end, "it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance," and "any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation." *Teplitskaya v. 3096 Owners Corp.*, 289 A.D.2d 477, 478 (N.Y. App. Div. 2001); *see also Deputron*, 106 A.D.3d at 945 ("Although the plaintiff claimed that a bar connected to the bottom step of the bus caused her to trip, she acknowledged that she did not see this bar before her fall, that she did not know which foot made contact with the bar, and that she only assumed that she had tripped on the bar after she regained consciousness and went looking for the source of the fall."). Accordingly, Plaintiff's own testimony fails to connect the alleged defect to her fall.[4]

---

[3] The testimony Plaintiff cites appears wholly unrelated to causation. Plaintiff was shown a photograph and asked to identify *where* she fell. (Pl's. Tr. 60:18-21) ("Based on your testimony today, this particular rupture cannot be the one that was involved in your incident because it's not located on a curve of the concrete island, is that correct?"). Plaintiff responded: "Well, this one has another rupture like closer to where the island makes the turn, like where it becomes circular, then that would be the location. The rupture was the cause of my fall because that's where it was located and I remember when I was falling down on the ground and that's where I was when I was falling on the ground, right where it starts to make the turn to the circular. I wasn't on the turn, I was almost on the turn, I do remember." (*Id.* at 60:22-61:8.) As such, it seems that Plaintiff was simply identifying her fall location, and not what caused her to fall. In any event, Plaintiff already admitted what caused her to fall earlier in her deposition: "I didn't have my balance on the thing and I fell down." (*Id.* 22:8-10.)

[4] Lowe's is also entitled to summary judgment because, as it correctly argues, Plaintiff has adduced no evidence that Lowe's had actual or constructive notice of the alleged defect. (Def's. Mem. at 10-13.) In fact, Plaintiff completely misstates her burden by arguing that Lowe's "has the initial burden of making a *prima facie* showing that it neither created the hazardous condition nor had actual or constructive notice of its existence." (Pl's. Opp'n. at 11.) Not so. As Lowe's correctly notes, (Def's. Reply Mem. at 5-7), "Plaintiff's argument is based on the state burden of proof on a motion for summary judgment." *Decker v. Middletown Walmart Supercenter Store*, No. 15 CIV. 2886 (JCM),

6

Plaintiff also relies on an expert report from an engineer, Stanley H. Fein, who opined "within a reasonable degree of engineering certainty, that the incident and resulting injuries sustained by the plaintiff was caused by the negligence of defendant." (Pl's. Opp'n. at 17); (Decl. Opp'n. Def's. Summary J. Mot., Ex. A, ECF No. 31.) Plaintiff's reliance upon his opinions, however, provide no help to her. That is, the Court rejects Mr. Fein's bare assertion because—even if qualified—he fails to provide sufficient evidence explaining *how* the alleged defect caused Plaintiff's fall. *See DaSilva v. KS Realty, L.P.*, 138 A.D.3d 619, 620 (N.Y. App. Div. 2016) ("While his expert engineer opined that the overall condition of the floor, which sloped as much as 5% in some areas, was dangerous, the engineer did not address how the slope was a proximate cause of plaintiff's fall from his chair[.]"); *Stylianou v. Ansonia Condo.*, 49 A.D.3d 399, 853 (N.Y. App. Div. 2008) ("Finally, plaintiff's expert report is so lacking in detail as to the slope of the sidewalk flag, where along the alleged slope any measurements were taken and how the alleged slope was the proximate cause of plaintiff's fall, that it is insufficient to raise an issue of fact in opposition to defendant's prima facie showing of entitlement to summary judgment.").

Thus, Lowe's is entitled to summary judgment because there is no evidence besides Plaintiff's speculation that the alleged defect caused her to fall.[5]

---

2017 WL 568761, at *9 (S.D.N.Y. Feb. 10, 2017). Because the federal burden of proof applies, Plaintiff had the burden to produce evidence that Lowe's had actual or constructive notice of the alleged defect, which here she has not. *Id.* ("Because the federal burden of proof applies, Defendant was not required to produce evidence of the last time the area was inspected or cleaned, but need only point to Plaintiff's lack of evidence and inability to raise a genuine issue of material fact on the elements of her claim.").

[5] Because the Court grants summary judgment on causation grounds, the Court does not reach Lowe's argument that the condition was a non-actionable trivial defect. Likewise, the Court does not reach the admissibility of Mr. Fein's remaining opinions.

## CONCLUSION

For the foregoing reasons, Lowe's motion for summary judgment is GRANTED.

                                                                                                                                  SO ORDERED.

Dated:  Brooklyn, New York                       /s/ LDH
         September 29, 2023                    LaSHANN DeARCY HALL
                                            United States District Judge